411 So.2d 26 (1982)
Don THOMPSON
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY and New Orleans Public Service, Inc.
No. 81-C-2305.
Supreme Court of Louisiana.
March 1, 1982.
Rehearing Denied April 5, 1982.
Charles R. Moore, of Moore & Walters, Baton Rouge, for plaintiff-applicant.
Daniel Lund, Sylvia Landry Holder, and Gus A. Fritchie, III, of Montgomery, Barnett, Brown & Read, Michael E. Wanek, of Hulse, Nelson & Wanek, Floyd Greene, Raymon G. Jones, of Deutsch, Kerrigan & Stiles, New Orleans, for defendants-respondents.
DENNIS, Justice.
Plaintiff, Don Thompson, was working for W. S. Cifers Construction Company, Inc., as a jackhammer operator breaking up concrete and digging an underground pathway for a conduit on Tchoupitoulas Street in the City of New Orleans, Louisiana. Thompson was shocked, burned and severely disfigured when the airhammer he was operating came in contact with a buried cable carrying 13,000 volts of electricity.
Thompson filed suit against South Central Bell Telephone Company and others.[1] He alleged that South Central Bell owed him a duty to warn against and provide accurate information concerning the buried electrical cable by virtue of the fact that it had contracted with Thompson's employer, Cifers Construction Company, to dig the underground pathway for a telephone conduit. He made two claims of negligence against South Central Bell: (1) Failing to warn him of the presence of the cable; and (2) Providing his employer with a map incorrectly showing the location of the cable.
South Central Bell filed a timely motion for summary judgment. The trial court granted it and the plaintiff, Thompson, appealed *27 unsuccessfully. Thompson v. South Central Bell Telephone Company, 402 So.2d 799 (La.App. 4th Cir. 1981). This court granted certiorari to review the previous courts' rulings.
Summary judgment under La.C.C.P. arts. 966-969 is based on Federal Rule 56. Although it is an extremely useful device for putting an end to unnecessary litigation, it must be used with caution. "Summary judgment procedure is not a catchpenny contrivance to take unwary litigants into its toils and deprive them of a trial." Whitaker v. Coleman, 115 F.2d 305, 307 (5th Cir. 1940). Rather, it is available only when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.C.C.P. art. 966; Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087 (La.1981); Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Whenever there remain factual issues in dispute, a court should not grant summary judgment but should set the case for trial. For reasons given below, we believe that a material factual issue is in dispute, that mover is not entitled to judgment as a matter of law, and accordingly we reverse and remand for trial.[2]
Thompson's allegations that South Central Bell committed acts of negligence which caused him damage are not disputed by the telephone company in this proceeding. South Central Bell asserts, however, that it cannot be held liable or obliged to repair the damage as normally would be required under Civil Code Article 2315 because of special statutes which exempt it from such liability.
The worker's compensation statute, La. R.S. 23:1032, provides that an employee's right to compensation for a work-related injury "shall be exclusive of all other rights and remedies ... against his employer, or any principal ... of such employer * * *." In order for a person to be a principal he must have undertaken to execute "work, which is a part of his trade, business, or occupation or which he had contracted to perform and contracts with any person" for the execution thereof.[3]
South Central Bell filed an affidavit and depositions in an effort to show that the material facts are undisputed that the work which the telephone company had contracted with Thompson's employer to perform was a part of South Central Bell's trade, business or occupation. In the affidavit, a division staff manager of the company said that (1) construction of underground telephone lines is an integral and necessary part of the company's trade, business or occupation; (2) Thompson's employer had contracted with the company to break up concrete and dig an underground pathway for such a telephone line; (3) Thompson was injured while working for his employer *28 in performance of its obligation under the contract; (4) although the telephone company "does not utilize its own equipment and employees to perform the type of work" being done by Thompson's employer "said work could be performed by South Central Bell Telephone Company with its own equipment and employees;" (5) South Central Bell Telephone Company presently operates and has for many years operated a construction department whose operations presently consist of the installation, placement, rearranging and removal of cable facilities and conduits necessary to the providing of telephone services to subscribers; (6) said department could at any time be expanded by the addition of more employees to perform precisely the type of work which plaintiff and his employer, W. S. Cifers Construction Company, Inc., were performing on November 20, 1978. In one deposition, the construction manager of the company testified that its construction department does not tear up streets, install conduits or set poles in the ground, but only places telephone cable on the poles or in the conduits. In the other deposition, the project engineer of the company testified that it does not have any employees which do the work that Thompson's employer was performing. In both depositions the telephone company employees continually disclaimed any responsibility for supervision or safety conditions of the work.
Since the burden is on the party moving for summary judgment to demonstrate that there is no genuine issue of material fact, he must also show that the contents of his affidavit would be admissible at trial. La. C.C.P. arts. 966, 967; see also C. Wright & A. Miller, Federal Practice and Procedure, § 2738 at n. 30 (1973 and Supp.). Ultimate or conclusory facts and conclusions of law cannot be utilized on a summary judgment motion. United States v. W. H. Hodges & Co., 533 F.2d 276 (5th Cir. 1976); Broadway v. City of Montgomery, 530 F.2d 657 (5th Cir. 1976); Donnelly v. Guion, 467 F.2d 290 (2d Cir. 1972); Wright & Miller, supra, § 2738 at n. 32.
From the facts alleged in the affidavit which would be admissible at trial and the depositions it appears that the telephone company itself never peforms the work which it agreed to pay Thompson's employer to do. The affiant's statement that construction of underground telephone lines is a part of South Central Bell's trade, business or occupation is an ultimate or conclusory fact or a conclusion of law and cannot be utilized on a summary judgment motion. The only pertinent evidentiary or subsidiary facts stated by the affiant were that Thompson was injured while working for Cifers, that Cifers was breaking concrete and digging an underground pathway pursuant to a contract with South Central Bell, and that South Central Bell does not utilize its own employees for this type of work.
Where the court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La. 1981); Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981). When reasonable minds can differ on whether the mover is entitled to judgment on the facts before the court the motion for summary judgment should be denied. Cates v. Beauregard, 328 So.2d 367 (La.1976). We find that the evidence submitted on the motion is such that reasonable minds could differ and draw contrary reasonable inferences on the material issue of fact as to whether the work of Thompson's employer was a part of the telephone company's trade, business or occupation. Since the conclusory statement of ultimate fact or law contained in the affidavit cannot be utilized on a summary judgment motion, there is nothing in the record which indicates that the work of Cifers in breaking concrete and digging an underground pathway was a part of South Central Bell's trade, business or occupation. Accordingly, we conclude that there is a genuine issue as to a material fact and that there is a reasonable inference to be drawn *29 from the evidence under which mover is not entitled to judgment as a matter of law.[3]
Perhaps on the trial of the case South Central Bell will be able to show enough evidentiary facts to convince a trier of fact that the work performed by Cifers was part of its trade or business. However, the evidence presented in support of the motion for summary judgment consists primarily of South Central Bell's conclusion of ultimate fact or law, rather than detailed evidentiary facts from which a court can conclude that there is no dispute as to this ultimate fact and that South Central Bell is entitled to judgment as a matter of law. By granting this motion for summary judgment the courts would, in effect, permit South Central Bell to deprive the plaintiff of a trial on the basis of its own conclusion or opinion as to whether the work of Thompson's employer was a part of its trade or business.
Since the motion for summary judgment was granted in error, the judgments of the court of appeal and the trial court are reversed and the case is remanded for trial.
REVERSED AND REMANDED.
BLANCHE, J., dissents and assigns reasons.
WATSON, J., dissents being of the opinion that the work was obviously part of Bell's trade, business or occupation.
BLANCHE, Justice (dissenting).
Laying telephone cable is a regular part of South Central Bell's trace, business or occupation even if it had been subcontracted out from the day of its existence. It would seem to this writer that, from the nature of the work, it is an inescapable conclusion that the work was a part of their regular trade, business or occupation. The court of appeal opinion was correct.
NOTES
[1] Thompson also sued New Orleans Public Service, Inc., the owner of the electrical cable, and Surveys, Inc., which provided engineering and surveying services for the construction project. We are not concerned with these claims in this case.
[2] South Central Bell also argues that because La.R.S. 45:781 entitles them to a right of way over the property necessary to construct telephone lines, and La.R.S. 45:782 imposes on it a duty to transmit all communications of persons offering to pay the usual rates, it is a statutory employer of plaintiff, and therefore enjoys tort immunity in this case, even in the absence of affidavits or other evidence. This contention is without merit. That the legislature has authorized South Central Bell to perform certain acts is not controlling in determining the factual question of whether the work being performed was part of their trade or business. The legislature may empower an entity to do something that it has never done, or that it used to do but has not done in a long time. See W. Malone and A. Johnson, Workers Compensation Law and Practice § 126 in 13 Louisiana Civil Law Treatise at 260 (1980).
[3] La.R.S. 23:1061 contains a very similar definition:

"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; * * *"
[3] This case is distinguishable from Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978), in which the evidence supporting the motion for summary judgment established that both Sun Oil and other oil companies regularly performed the same type of work as was done under the contract at other facilities as part of their businesses with their own employees. See also Duvalle v. Lake Kenilworth, Inc., supra.