GRISBAUM, Judge.
This is an appeal from a summary judgment which dismissed a third party claim for liability insurance coverage against an insurance company. The central issue is whether the trial court erred in granting a summary judgment because genuine issues of material fact are present in this case. *455 We believe there are genuine issues of material fact in dispute. Accordingly, we reverse and remand for the reasons given below.
Due Minh Nguyen individually and on behalf of his minor children, sued Louis Thomas, appellant, for damages which plaintiffs received through the alleged negligence of Louis Thomas in an automobile accident which occurred September 22, 1979. On October 17, 1980 Mr. Thomas brought a third party demand against H.H. Frenkle Insurance Agency and Canal Indemnity Insurance Company. He alleged that on September 22, 1979, the day of the accident, he was covered by liability insurance which he had contracted with Canal Indemnity through H.H. Frenkle Insurance Agency. He alleged that this contract was for liability coverage from May 26, 1979 to May 26, 1980. He also alleged negligence on the part of H.H. Frenkle Insurance Agency and/or Canal Indemnity Company resulting in the delay in issuance of insurance covering his truck despite the fact he concluded his contract for insurance on May 26, 1979. In a Supplemental and Amended Petition, Mr. Thomas more specifically alleged that H.H. Frenkle Insurance Agency was an agent for Canal Indemnity Company thereby making Canal liable for Fren-kle’s acts, that H.H. Frenkle Insurance Agency refused and/or failed to properly record and/or transmit the necessary documents to Canal to evidence the insurance contracted by Thomas on May 26, 1979 or submitted an incorrect date. Further, that Canal failed to properly record and/or issue a policy of insurance to Mr. Thomas which resulted in a policy which was effected September 25, 1979 rather than May 26, 1979, and finally that Mr. Thomas at all times believed he had full liability coverage with Canal Indemnity Company beginning May 26, 1979 and effective on the date of the accident, September 22, 1979. On October 17, 1980 Canal moved for Summary Judgment. In support of its motion it filed two affidavits based upon the personal knowledge of the affiant which attested that H.H. Frenkle has never been authorized by Canal as its agent to accept applications and/or to issue insurance policies on its behalf, and that on September 22,1979, the date of the accident, sued upon in the main demand, Canal did not have in force and effect any insurance policy issued insuring Mr. Thomas. In opposition to Canal’s motion for summary judgment, Mr. Thomas filed an affidavit based upon his personal knowledge which attested that on May 26, 1979 he contracted with Canal Indemnity Company through H.H. Frenkle Insurance Agency for liability insurance on a 1978 Chevrolet truck and that this agreement was contracted specifically to protect Mr. Thomas from actions sued upon by original plaintiffs and was to be effective May 26, 1979 to May 26,1980. He also attested that acts of negligence committed by Canal and/or H.H. Frenkle Insurance Agency had resulted in failure of Mr. Thomas being properly insured on the date of the accident.
Summary judgment is available only when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.C.C.P. art. 966; Thompson v. South Central Bell Telephone Co., 411 So.2d 26, 27 (La.1982); Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981). Under Vermilion we must view the inferences to be drawn from the materials before us in a light most favorable to the party opposing the motion. Vermilion elaborates:
“To satisfy his burden the mover must meet a strict standard by a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. (Citations omitted) The papers supporting mover’s position are closely scrutinized, while the opposing papers are indulgently treated, in determining whether the mover has satisfied his burden.” Vermilion, supra.
Under the principles outlined above, we find that mover, Canal, has not satisfied its burden of establishing that no genuine issue *456 as to material fact exists. We find there is a question as to whether Thomas entered into a contract of insurance with Canal on May 26, 1979. To determine the issue of the existence of such a contract, the further question of whether an agency relationship existed between Canal and Frenkle must also be addressed and evidence educed.
Mr. Thomas’ petition alleges and his affidavit attests that he has a contract of liability insurance with Canal which began May 26, 1979. Canal presents two affidavits attesting that there is no contract of liability insurance with Thomas in effect on the date of his accident, September 22, 1979, and that Frenkle is not its authorized agent.
Canal emphasizes that in Mr. Thomas’ affidavit he acknowledges that he was not properly insured by Canal on the date of the automobile accident, and, therefore, there is no issue as to the existence of any insurance contract between them. In one of his attestations Mr. Thomas does state that the negligence of Canal and/or Fren-kle resulted in his failure to be properly insured; he, however, initially attests that he contracted with Canal Indemnity through H.H. Frenkle. As we are directed by Vermilion, we treat this apparent contradiction with indulgence remembering as emphasized in Thompson that the “[s]um-mary judgment procedure is not a catchpenny (sic) contrivance to take unwary litigants into its toils and deprive them of a trial.” Thompson, 411 So.2d 26, 27 quoting Whitaker v. Coleman, 115 F.2d 305, 307 (5th Cir.1940); Vermilion, supra. Moreover, even if we accepted Canal’s argument that there is no insurance contract entered into on May 26,1979 as admitted by Mr. Thomas in one of his attestations, we do find a genuine issue as to an agency relationship which may exist between Frenkle and Canal Indemnity Insurance Company. Thus, Canal has not carried its burden of showing that it is quite clear what the truth is and that there is no real doubt as to the existence of any genuine issue of material fact.
The judgment of the trial court dismissing defendant, third party plaintiff’s claim against third party defendant Canal Indemnity Insurance Company is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal and the costs of the adjudication of the summary judgment on the trial court level are assessed against Canal Indemnity Company.
REVERSED AND REMANDED.