441 So.2d 79 (1983)
Norman BOUDREAUX, Jr., Plaintiff-Appellant,
v.
EXXON COMPANY, U.S.A., Defendant-Appellee.
No. 83-171.
Court of Appeal of Louisiana, Third Circuit.
November 16, 1983.
Rehearing Denied December 7, 1983.
Robert B. Keaty and Kerry E. Shiels, Lafayette, for plaintiff-appellant.
Robert H. Wood, Jr. and Louise White, New Orleans, Randall K. Theunissen, Allen, Gooch, Bourgeois, Breaux & Robinson, Greg Laborde, Lafayette, for defendant-appellee.
Before GUIDRY, FORET and PICKETT, JJ.
PICKETT, Judge Ad Hoc.
This is a tort action by Norman Boudreaux, Jr., against Exxon Corporation (initially incorrectly designated as Exxon Company, U.S.A.) for personal injuries sustained by Plaintiff, on March 12,1982, while working in the Exxon yard at Intracoastal City, Vermilion Parish, Louisiana. Boudreaux, who was an employee of Luke Construction Company, Inc. at the time, alleges he was injured as a result of the negligence of Exxon.
Exxon asserted an affirmative defense under LSA-R.S. 23:1032 and 23:1061, maintaining that Exxon is Boudreaux's statutory employer and therefore claiming that Boudreaux is limited to a workmen's compensation claim and can have no cause of action against Exxon for negligence. Exxon claims, in effect, that the type of activity in which Boudreaux was engaged, i.e. *80 dumping trash, is part of their trade, business or occupation within the meaning of the Louisiana Workmen's Compensation Law.
Additionally, Exxon generally denied negligence on its part, and, alternatively, alleged the contributory negligence of plaintiff.
Exxon filed a third party complaint against Luke, alleging a hold harmless contract between itself and Luke, and seeking recovery from Luke for any judgment cast against it.
Luke answered, urging the statutory employer status of Exxon, and, alternatively, urged that the hold harmless agreement between Exxon and itself was invalid, under LSA R.S. 9:2780.
Luke also intervened, seeking, in the event of a judgment in favor of plaintiff and against Exxon, to recover all compensation benefits and medical expenses it had expended on behalf of plaintiff, as a result of the injuries sued upon.
The evidence established that Plaintiff, Norman Boudreaux, Jr., was an employee of Luke Construction Company. He spent most of his time working at the Luke Construction Company yard. At times, however, he was sent to the Exxon yard in Intracoastal City to perform work pursuant to a contract between Luke and Exxon. One of the jobs performed by Luke at the Exxon yard involved transferring waste materials from large baskets brought in from offshore rigs into larger bins kept in the yard. This task was performed in a manner that involved lifting the basket with a cherry picker, moving the hooks from the top of the basket to the bottom while the basket was balanced between the bins, and then using the cherry picker to flip the contents of the basket into the bin. During the course of this procedure Mr. Boudreaux was injured. His left hand became caught between the basket and the bin, and as a result, Mr. Boudreaux sustained extensive damage to his left hand, leaving him partially disabled. Only Luke employees performed this type labor. Their work was supervised by a foreman who was also a Luke employee.
At the trial level the jury found that Boudreaux was a statutory employee of Exxon and he was therefore barred from recovery except to the extent of workmen's compensation payments. Accordingly, Boudreaux's suit was dismissed. Mr. Boudreaux appeals from that decision.
La.R.S. 23:1061 provides that when a contractor is doing work for a principal and that work is a part of the principal's trade, business or occupationthe principal is liable to the contractor's employees for workmen's compensation benefits. The principal is considered the statutory employer of the contractor's employees. La.R.S. 23:1032 limits the statutory employee's recovery against the statutory employer to workmen's compensation benefits.
Vincent v. Ryder Enterprises, Inc., 352 So.2d at 1061 (La.App. 3rd Circuit 1977) sets forth four criteria which must be examined to determine whether La.R.S. 23:1061 is applicable. 1) The relationship of principal-contractor must exist. 2) There must be a contract between the principal and contractor for the execution by the contractor of the whole or any part of the work being undertaken by the principal. 3) The work which is the subject of the contract must be part of the principal's trade, business or occupation. 4) The injured employee must be engaged in the execution of the work as described above.
In the present case a contractual relationship did exist between Exxon and Luke. This contract included an obligation on Luke's part to dump the baskets brought from the Exxon rigs into the Exxon yard. Mr. Boudreaux was engaged in the work contracted for at the time of his injury. The crucial question that remains is whether the work involved, transferring the waste from the baskets to the bins, was a part of Exxon's trade, business or occupation. Exxon had the burden of proving at the trial level that dumping the waste was a part of its trade, business or occupation. Reeves v. La. & Ark. Railway Co., 282 So.2d 503 (La.1973).
*81 Prior to rendition of the Louisiana Supreme Court cases which we discuss hereafter, the prevailing test in this circuit for determining whether the work performed was a part of the principal's trade, business or occupation was whether the contract work was essential and necessary to the successful operation of the alleged statutory employer's business. Vincent v. Ryder Enterprises, Inc., supra. The fact that the trash dumping activity in which Boudreaux was involved at the time of injury, was essential and necessary to the successful operation of Exxon's business cannot be gainsaid. The record also reflects that Coast Guard and Environmental Protection Agency regulations prohibit the dumping of trash offshore. Thus, Exxon is required to bring refuse from its offshore platforms on to land for its disposal. However, several recent Supreme Court decisions reflect that this showing is not sufficient to establish statutory employer status. In Thompson v. South Central Bell Telephone Co., 411 So.2d 26, 28 (La.1982) the Louisiana Supreme Court stated that another factor that is important in determining whether the principal is the statutory employer is whether or not the principal itself has ever performed the work for which it engaged the contractor. The Court later clarified this idea by finding that if "the work being performed by the contractor's employee is customarily performed by employees of the principal, it is part of the principal's trade, business or occupation", Lewis v. Exxon Corporation, 432 So.2d 861 (La.1983).[1] And even more recently, the Supreme Court held in Benson v. Howard Warren Seagraves, 436 So.2d 525 (La.1983). That if the work involved is not customarily performed by employees of the principal the principal is not the statutory employer of the contractor's employees.
Norman Boudreaux was an acknowledged roustabout employee of Luke, and was acting in this capacity when he was injured. The term "roustabout" is peculiar to the oil industry and used to describe an individual employed in the oil industry who performs various types of manual labor essential to the exploration for and production of oil or gas. In view of the fact that dumping trash was one of the manual tasks performed by "roustabout" Boudreaux the question arises as to whether the record reflects, with any degree of certainty, the tasks ordinarily performed by roustabouts and whether the tasks performed in this case by "roustabout" Boudreaux was of such a nature as to constitute a part of Exxon's trade, business or occupation. We find that the record is incomplete in this respect, and in the interest of justice, and considering Lewis v. Exxon, supra, and Benson v. Howard Warren Seagraves, supra, both of which were decided subsequent to the trial of the instant case, it is critical that these facts be established in order that the Court can determine whether or not Exxon was a statutory employer.
Accordingly, it is the Court's view that until the extent of the duties of a "roustabout" have been established, and the question as to whether Exxon had such employees in its employ, who customarily perform work similar to that done by plaintiff have been resolved, an accurate determination as to whether or not Exxon is a statutory employer cannot be made.
To accomplish this purpose the case must be remanded to the trial court for the receipt of evidence as above indicate.
Our ruling requiring remand pretermits the need for discussion of any other issues in this case at this time.
For the above reasons, the judgment of the trial court is reversed and set aside and the case remanded to the District Court for further proceedings, consistent with this opinion.
REVERSED AND REMANDED.
*82 PER CURIAM.
This matter was tried to a jury on all issues. The only issue upon which a verdict was rendered was the question of statutory employer-employee status. The jury verdict on that issue obviated the necessity of reaching the other issues presented. We find it necessary to remand for the taking of additional evidence on the issue of statutory employer-employee status. Because a jury trial was requested on all issues, it is necessary to empanel a new jury to hear the evidence on remand. Therefore, on remand this matter should be re-tried on all issues.
NOTES
[1] "We note that Lewis v. Exxon Corp., supra, as originally reported in West Publishing Company's advance sheet, was withdrawn from the bound volume of 432 So.2d because a rehearing was granted. The Supreme Court's opinion on rehearing rendered on November 28, 1983, 422 So.2d 422, which is yet unreported, does not, in our view, dictate a result different from that which we reach in this case."