451 So.2d 85 (1984)
Norman BOUDREAUX, Jr., Plaintiff-Appellant,
v.
EXXON COMPANY, U.S.A., Defendant-Appellee.
No. 83-171.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
Rehearing Denied June 14, 1984.
*86 Robert B. Keaty, Lafayette, for plaintiff-appellant.
Robert H. Wood, Jr. and Louise White, New Orleans, Gregory J. LaBorde, Allen, Gooch, Bourgois, Breaux & Robison, P.C., Randall K. Theunissen, Lafayette, for defendant-appellee.
Before FORET, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Plaintiff, Norman Boudreaux, Jr., an employee of Luke Construction Company, Inc. (Luke) instituted this tort action against defendant, Exxon Corporation (initially designated as Exxon Company, U.S.A.), for personal injuries sustained by him while performing "roustabout" chores for Exxon. Plaintiff alleges that he was injured as a result of defendant's negligence. Following a jury trial, plaintiff's case was dismissed. The jury determined that Exxon was the statutory employer of plaintiff and alternatively, that defendant was free from any negligence as alleged by plaintiff. Plaintiff appealed from that judgment and on November 16, 1983, this court, in Boudreaux v. Exxon Company, U.S.A. 441 So.2d 79 (3rd Cir.1983), set aside the jury verdict. The case was remanded to the trial court by us so that further evidence *87 could be adduced relative to the statutory employee status of plaintiff. Defendant subsequently procured a writ from the Louisiana Supreme Court, setting aside our judgment for remand, ordering the Third Circuit, Court of Appeal to render judgment on appeal based on the exclusive evidence in the record. After a thorough review of the record and after due consideration of the briefs presented on remand, we set aside that portion of the jury's verdict finding plaintiff to be a statutory employee of Exxon, but affirm the jury's determination that defendant was not negligent. The trial court's result is affirmed.
The issues on appeal are:
1) Whether Exxon was the statutory employer of plaintiff;
2) Whether Exxon negligently caused plaintiff's injuries; and,
3) Whether the trial court committed reversible error by disallowing evidence of subsequent remedial safety measures by Exxon.

FACTS
On March 12, 1982, plaintiff received severe injuries to his left hand while unloading trash bins at Exxon's Intercoastal City terminal facility. Plaintiff was employed, at the time of the accident, as a "roustabout" by Luke, which was performing labor and/or "roustabout" work for Exxon pursuant to a work contract. The injury occurred when a small trash bin, attached to a crane operated by another Luke employee and guided by plaintiff, collided with a larger bin, smashing plaintiff's left hand.
Plaintiff sued Exxon, alleging that Exxon's negligence caused the injuries. Exxon denied such allegations and affirmatively pleaded that plaintiff's exclusive remedy against Exxon was in worker's compensation, since Exxon was his statutory employer under the Louisiana worker's compensation laws. Exxon filed a third-party demand against Luke, seeking indemnity or contribution pursuant to the work contract between them in event Exxon was cast in judgment for Broussard's injuries.
Following the close of evidence at trial, special interrogatories were submitted to the jury. Counsel for all parties agreed that to avoid the possibility of a remand by the appellate court in the event the statutory employer issue was improperly decided, the jury would make a determination as to Exxon's negligence vel non so that the case could be properly and completely adjudicated on appeal. The jury rendered a verdict finding plaintiff to be the statutory employee of Exxon, and further, that Exxon was not negligent. Plaintiff appeals from that decision.
We now consider the merits of this appeal based on the record before us.

ISSUE #1: STATUTORY EMPLOYER
At the outset, plaintiff argues that the statutory employer defense is unavailable to Exxon since plaintiff is covered exclusively by the Longshoreman & Harborworker's Compensation Act (LHWCA), 33 U.S.C. section 901 et seq., rather than the Louisiana Workmen's Compensation Act which contains the defense. LSA-R.S. 23:1061 and 23:1032. We disagree. Plaintiff is not an employee within the meaning of the LHWCA sec. 902(3) because he does not fulfill the dual test of maritime status and situs. P.C.Pfeiffer Co., Inc. v. Ford, 444 U.S. 69, 100 S.Ct. 328, 62 L.Ed.2d 225 (1979); Hebert v. Union Oil Co. of California, 405 So.2d 1135 (1st Cir.1981).
Pursuant to LSA-R.S. 23:1061, when a contractor is doing work for a principal and that work is a part of the principal's "trade, business or occupation ...", the principal is liable to the contractor's employees for workmen's compensation benefits. The principal is considered the statutory employer of the contractor's employees. LSA-R.S. 23:1032 limits the statutory employee's recovery against the statutory employer to workmen's compensation benefits.
In Vincent v. Ryder Enterprises, Inc., 352 So.2d 1061 (3rd Cir.1977), we set forth four criteria which must be examined to determine whether a statutory employer-employee relationship exists.

*88 1) The relationship of principal-contractor must exist.
2) There must be a contract between the principal and contractor for the execution by the contractor of the whole or any part of the work being undertaken by the principal.
3) The work which is the subject of the contract must be part of the principal's trade, business or occupation.
4) The injured employee must be engaged in the execution of the work as described above.
In this instance, a contractual relationship did exist between Exxon and Luke. This contract included an obligation on Luke's part to dump the baskets brought from the Exxon rigs into the Exxon yard. Mr. Boudreaux was engaged in the performance of this work at the time of his injury. The crucial question that remains is whether the work involved, transferring the waste from the baskets to the bins, was a part of Exxon's trade, business or occupation. Exxon had the burden of proving at the trial level that dumping the waste was a part of its trade, business or occupation. Reeves v. Louisiana and Arkansas Railway Company, 282 So.2d 503 (La. 1973).
Prior to rendition of the Louisiana Supreme Court cases, which we discuss later, the prevailing test in this circuit for determining whether the work performed was a part of the principal's trade, business or occupation was whether the contract work was essential and necessary to the successful operation of the alleged statutory employer's business. Vincent v. Ryder Enterprises, Inc., supra. It is inescapable that the trash dumping activity, in which Boudreaux was involved at the time of injury, was essential and necessary to the successful operation of Exxon's business. The Coast Guard and Environmental Protection Agency regulations prohibit the dumping of trash offshore. Thus, Exxon is required to bring refuse from its offshore platforms onto land for its disposal. It would appear to constitute an essential part of Exxon's business. However, several recent Supreme Court decisions reflect that this showing is not sufficient to establish statutory employer status. In Thompson v. South Central Bell Tel. Co., 411 So.2d 26 (La.1982), the Louisiana Supreme Court stated that another important factor in determining whether the principal is the statutory employer is whether the principal itself has ever performed the work for which it engaged the contractor. The Supreme Court later clarified this idea by finding that if "the work being performed by the contractor's employee is customarily performed by employees of the principal, it is part of the principal's trade, business or occupation", Lewis v. Exxon Corp., 441 So.2d 192 (La.1983). Further, the Supreme Court held in Benson v. Seagraves, 436 So.2d 525 (La.1983), that if the work involved is not customarily performed by employees of the principal, the principal is not the statutory employer of the contractor's employees.
Norman Boudreaux was an acknowledged "roustabout" employee of Luke, and was acting in this capacity when he was injured. The term "roustabout" is peculiar to the oil industry and used to describe an individual employed in the oil industry who performs various types of manual labor essential to the exploration for and production of oil or gas. In view of the fact that dumping trash was one of the manual tasks performed by "roustabout" Boudreaux, the question arises as to whether the record reflects with any degree of certainty, the tasks ordinarily performed by "roustabouts" and whether the tasks performed in this case by "roustabout" Boudreaux were of such a nature as to constitute a part of Exxon's trade, business or occupation. We find that the record is incomplete in this respect, and in the interest of justice, and considering Lewis v. Exxon, supra, and Benson v. Seagraves, supra, both of which were decided subsequent to the trial of the instant case, it is critical that these facts be established in order that the court can determine whether or not Exxon was a statutory employer.
*89 In the absence of these material facts, and for reasons expressed in our previous judgment on appeal, we hold that the jury's determination regarding the statutory employee status of plaintiff is clearly wrong.
For these reasons, we set aside that portion of the jury's verdict and pretermit the determination of plaintiff's statutory employee status.

ISSUE #2: EXXON'S NEGLIGENCE
The trial court specifically instructed the jury to decide whether Exxon was negligent regardless of how it decided the statutory employer issue. Counsel agreed to these instructions to avoid retrial of the case in event that the appeal court would reverse the jury verdict as to the statutory employment issue. Having set aside that portion of the jury verdict, we must now review the merits of plaintiff's action ex delicto in accordance with the Louisiana Supreme Court's order to do so. Judicial economy is best served by the appellate court now reviewing the correctness of the jury's finding Exxon free of any negligence. Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707 (La.1980); Gonzales v. Xerox Corporation, 320 So.2d 163 (La. 1975).
The accident giving rise to this suit occurred during a trash dumping procedure performed exclusively by Luke personnel. Kevin Choate, a Luke crane operator, lifted trash baskets into position between two bins while two "roustabouts", plaintiff and Kim Frederick, attached the lines to the basket. Frederick attached the lines on the ground and the baskets were lifted. Plaintiff was standing on top of a large bin as the crane operator swung the basket over to him so that the cables could be repositioned and the basket dumped. In the course of the crane operator's swinging of a basket, plaintiff had to jump from the large bin to avoid being hit. During this event, his hand was smashed as the basket collided with the bin. Plaintiff therefore places responsibility for his accident with the crane operator, Mr. Choate, whom he believed to be an Exxon employee until trial. Neither of the Exxon employees who were on duty at the time witnessed the accident or exercised control over the trash dumping procedure used by plaintiff and the Luke employees.
The service supervisor for Exxon, Mr. John Boykin, testified that he never saw a Luke employee stand on top of a trash bin to balance a basket of trash. Rather, it was Exxon's understanding that Luke's employees were to use "trash chutes" provided by Exxon rather than the balancing procedure which caused the plaintiff's injuries.
It is apparent that the accident was caused by plaintiff's own negligence and/or that Luke's crane operator was negligent. Exxon observed its legal duty to provide the Luke workers with safe working conditions by providing the "trash chutes". Plaintiff's injuries are not causally related to Exxon's alleged negligence. We find the cause-in-fact of plaintiff's accident to be the plaintiff's and/or the crane operator's failure to follow the proper trash dumping procedures.
Plaintiff failed to raise any specification of error regarding the jury's determination that Exxon was not negligent. After conducting a thorough review of the record, we hold that the jury had sufficient evidence presented before them at trial from which they could reasonably find Exxon free of negligence. The instructions by the trial judge to the jury on the issue of negligence are correct, clear and free from any confusion. Accordingly, we find no manifest error in the jury's determination that Exxon was not negligent. In the absence of manifest error or abuse of discretion the trier's findings of fact, reasonable evaluations and inferences must be left undisturbed on appeal. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
For these reasons, we affirm that portion of the jury's verdict finding defendant, Exxon, not negligent. Plaintiff's suit was properly dismissed for this reason.

*90 ISSUE #3: ADMISSABILITY OF EVIDENCE: REMEDIAL MEASURES
Finally, plaintiff argues that the trial court erroneously refused the admission of certain evidence pertaining to remedial measures taken by defendant following plaintiff's accident to prohibit any similar injuries in the future. Plaintiff contends that the evidence was offered to prove Exxon's "control" over the Luke employees, a material fact surrounding plaintiff's statutory employee status.
Evidence of changes, repairs or corrective measures taken subsequent to an accident, for purposes of preventing a similar recurrence, is inadmissible to show negligence or to establish an admission of fault. Esta v. Dover Corp., 385 So.2d 439 (1st Cir.1980). We hold that the evidence was properly disallowed since it was irrelevant as a matter of law as to Exxon's alleged negligence. We further hold that such evidence would have unduly confused or served to mislead the jury if admitted for the limited purpose of establishing Exxon's "control" over the Luke employees. This ruling did not prejudice plaintiff since there was other adequate evidence from which the jury may have drawn inferences of Exxon's "control" over the Luke employees. The evidence was therefore properly disallowed.

DECREE
For the foregoing reasons and in accord with our previous judgment, we hold that the jury committed manifest error by determining the statutory employee status of plaintiff in the absence of necessary and material facts; the trial court's dismissal of plaintiff's suit must be affirmed since the jury properly and alternatively found defendant to be free of any negligence attributable to plaintiff's injury.
Accordingly, on the basis that defendant was free of any negligence, the result of the trial court is affirmed at appellant's cost.
AFFIRMED.
YELVERTON, J., concurs in the result only.