SAVOIE, Judge.
This is a tort suit. Plaintiffs, Fred and Deana Waldrop, filed a petition naming as defendants, inter alia, Heritage Rest Home of Houma, Inc., Louisiana Extended Care Centers, Inc. (LECC, Inc.), and Construction Systems, Inc. Heritage Rest Home of Houma, Inc. and LECC, Inc. filed a motion for summary judgment which was granted by the trial court. Plaintiffs and cross-claimant, Construction Systems, Inc. appeal that judgment. Heritage Rest Home of Houma, Inc. and LECC, Inc. filed, at the appellate level, an exception of res judicata in this court.
The basis for this tort suit is Fred Wal-drop’s allegation that he sustained personal injury when he fell in the parking lot/entry way to the kitchen entrance of the Heritage Manor of Houma facility in Houma, Louisiana on July 27, 1985. At the time of this accident, plaintiff was employed at the nursing home as a kitchen assistant.
RES JUDICATA
Heritage Rest Home of Houma, Inc. and LECC, Inc. base their exception of res judicata on a receipt and release and judgment in which Fred Waldrop settled his worker’s compensation claim against the Louisiana Insurance Guaranty Association, which Association was representing Transit Casualty Company in liquidation. Transit formerly insured LECC, Inc. and Heritage Rest Home of Houma, Inc. for workers compensation.
LSA-C.C.P. art. 2163 allows for the filing of peremptory exceptions such as the exception of res judicata for the first time in an appellate court provided the exception is filed prior to submission of the case for a decision, and provided that proof of the ground of the exception appears of record.
Herein, no proof of the ground of the exception appears of record. This suit was filed in Terrebonne Parish. However, the receipt and release, and the judgment reflecting the settlement were allegedly filed and signed in St. Tammany Parish. Neither the receipt and release nor the judgment appear in the Terrebonne Parish record which is the only record before us. Therefore, the exception of res judicata is without probative support herein. We therefore deny the exception.
SUMMARY JUDGMENT
Both plaintiffs and Construction Systems, Inc. assign as error the district court’s granting of summary judgment as to Heritage Rest Home of Houma, Inc. and LECC, Inc. The answer of these defendants reflects the defense to the suit was that Heritage Rest Home of Houma, Inc. was the employer of Fred Waldrop and LECC, Inc. was the statutory employer of Fred Waldrop.
Although summary judgment is an extremely useful device for putting an end to unnecessary litigation, it must be used with caution. It is available only when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there *654 is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966. Whenever there remain factual issues in dispute, a court should not grant summary judgment but should set the case for trial. Thompson v. South Central Bell Tel. Co., 411 So.2d 26 (La.1982). In the instant case, we believe at least one material factual issue is in dispute, and therefore movers are not entitled to judgment as a matter of law.
Accordingly we reverse and remand for trial.
At the time of the accident in question, Heritage Rest Home of Houma, Inc. was wholly owned by LECC, Inc. The president of both corporations and the parent corporation of LECC, Inc. was Mr. Elton Glynn Beebe.
Mr. Beebe, in his deposition of December 3, 1987, related that Heritage Rest Home of Houma, Inc. was the corporation that owned the land and building which comprised the “grounds” of Heritage Manor of Houma. In addition, he stated LECC, Inc. was the operator of Heritage Manor of Houma and all employees of Heritage Man- or of Houma were actually employed by LECC, Inc.
On July 6, 1988, Heritage Rest Home of Houma, Inc. and LECC, Inc. filed an affidavit of Mr. Beebe styled Supplemental and Correcting Affidavit. In the affidavit, Mr. Beebe stated that after reviewing certain company records unavailable to him at the time of the deposition, he may have erred in his previous deposition testimony. The affidavit then stated that Heritage Manor of Houma was operated by Heritage Rest Home of Houma, Inc. until its merger into LECC, Inc. in late 1986. But certain licenses to operate Heritage Manor of Houma were filed into the record along with the affidavit of July 6, 1988. The licenses to operate the nursing home were issued by the Department of Health and Human Resources. These licenses reflect that on the date of the accident Louisiana Extended Care Centers d/b/a Heritage Manor of Houma was the duly licensed operator of the nursing home.
We find the record along with the oral reasons for judgment given by the trial court to be entirely unclear as to which defendant, if any, was found to be the employer(s) of the plaintiff, Fred Waldrop. Even if one were to accept the Supplemental and Correcting Affidavit as changing the previous deposition testimony of Mr. Beebe as to which corporation operated the nursing home, we still have the problem of the licenses to operate, which licenses do not reflect the same operating entity as the affidavit. The record is too confusing and factually incomplete for a definitive pronouncement on the employer issue.
Because the finding of fact as to the actual employer of the plaintiff, Fred Wal-drop is a crucial issue in determining the validity of the defense of both Heritage Rest Home of Houma, Inc. and LECC, Inc. to the tort suit, we hold this case is not one which lends itself to summary judgment.
Since the motion for summary judgment was granted in error, the judgment of the trial court dismissing Heritage Rest Home of Houma, Inc. and LECC, Inc. from the instant suit is reversed and the case is remanded for trial.
REVERSED AND REMANDED.