MOORE, J.
hThe plaintiffs, the children of Donald Fields Sr., appeal a summary judgment that dismissed their medical malpractice *815 claim against two defendants, Nurse Practitioner Patricia McGovern and Dr. John Smith III. For the reasons expressed, we affirm.

Factual and Procedural Background

Fields was a 56-year-old man with, according to the plaintiffs, “a significant past medical history,” including hypertension and a kidney transplant. On November 12, 2008, he came to the Willis Knighton Claiborne Regional Health Center complaining of diarrhea for the last two weeks. Although his appointment was to see Dr. John Smith III, he actually saw the doctor’s nurse practitioner, Patricia McGovern. Nurse McGovern consulted with the doctor and gave Fields a prescription for an antibacterial, Metronidazole (generic for the brand name Flagyl). The plaintiffs alleged that Fields took the medicine as directed.
Nine days later, Fields phoned Dr. Smith’s office to say the medicine was making him feel worse; the plaintiffs alleged that he “was instructed” to continue using it as directed, and no appointment was set or other medical care advised.
The following day, November 22, Fields collapsed at home. EMS carried him to a hospital in Magnolia, Arkansas, where he later died. No autopsy was performed, but the Arkansas death certificate listed the cause of death as “acute cardiovascular event” and other causes as “hypertension, post operative kidney transplant.”
1 aFields’s children — Sharon Lee, Mary Fields and Donald Fields Jr. — convened a medical review panel (“MRP”) against Willis Knighton Claiborne, Nurse McGovern and Dr. Smith. In February 2012, the MRP ruled that “although unfortunate,” there was “no breach in the standard of care by any of the defendants.” Specifically, it found that the treatment, including Flagyl, was within the standard of care, and Fields “never showed for a follow up.” Because Fields “did not report within 48 hours as instructed,” the panel also found no causation to the asserted resultant damages.
The plaintiffs filed this suit in the Second JDC iii June 2012. In addition to the facts outlined above, they alleged that despite the kidney transplant and the complaints of diarrhea, the defendants prescribed Flagyl, a common side effect of which is diarrhea. They later amended their petition to allege that Dr. Smith and Nurse McGovern were employees of Willis Knighton Claiborne.
Willis Knighton Claiborne filed a motion for summary judgment urging that the MRP found no breach of the standard of care and no causation.[1]
In opposition, the plaintiffs filed the affidavit of Dr. Blanche Borzell, a board-certified family physician in New York and the coroner of Schuyler County. She stated that she had reviewed Dr. Smith’s office records, the emergency room records, all the pleadings, and a “position paper,” which lawas not further identified. She found that Nurse McGovern breached the standard of care for failing to order a basic metabolic panel, send a stool sample to the lab and schedule a followup appointment in the office,[2] and in prescribing Flagyl, “which may cause or potentiate diar *816 rhea[.]” She found that Dr. Smith breached the standard by failing to provide adequate supervision over Nurse McGovern and ensure that she would meet her standard of care. Although she did not mention Fields’s cause of death, acute cardiovascular event, she concluded that the stated breaches “caused or contributed to the untimely death of Mr. Donald Fields Sr.”
Nurse McGovern and Dr. Smith then filed a separate motion for summary judgment, conceding that Dr. Borzell’s affidavit created a genuine issue as to breach, but urging that her finding of causation was conclusory. Specifically,. the affidavit did not address how giving Fields the antibacterial and treating his prolonged diarrhea had any bearing on the cause of death, a heart attack.
At a hearing in June 2014, plaintiffs’ counsel disputed that a heart attack was the actual cause of death, but he offered no summary judgment evidence to counter the death certificate. The district court ruled that the breaches listed in Dr. Bor-zell’s affidavit were unrelated to heart failure, and her finding of causation was con-clusory. The court therefore granted the motion, dismissing Nurse McGovern and Dr. Smith.
The plaintiffs have appealed.
1 ¡The Parties’ Positions
By one assignment of error, the plaintiffs urge the court erred in granting summary judgment, specifically in finding Dr. Borzell’s affidavit insufficient to create a genuine issue of material fact. They contend that Dr. Borzell stated her qualifications, listed each and every medical document she reviewed, restated the relevant medical history and provided line-by-line analysis of each breach of the standard of care. They cite the standard for summary judgment, La. C.C.P. art. 966 B, and older jurisprudence voicing judicial disfavor of summary judgments.[3] They concede that they must establish the standard of care, a violation of the standard, and a causal connection between the breach and the resulting damages. La. R.S. 9:2794 A; Pfiffner v. Correa, 94-0992 (La.10/17/94), 643 So.2d 1228. They restate each item of breach listed by Dr. Borzell, concluding, “And lastly, Dr. Borzell found that these breaches caused and/or somehow contributed to the death of Donald Fields.”
Nurse McGovern and Dr. Smith respond that Dr. Bozell offered “only this vague and conclusory statement regarding causation” and nothing to refute the death certificate’s finding that the “underlying cause of death was an acute cardiovascular event[.]” They argue that since the 1996 and 1997 amendments to Art. 966, summary judgment is favored, and they do not have to disprove that they were negligent and caused the injury. Even when the plaintiff submits evidence of a breach, summary judgment is still proper without supporting medical evidence of causation, as occurred in Henderson v. Homer Memorial Hosp., 40,585 (La.App. 2 Cir. 1/27/06), 920 So.2d 988, writ denied, 2006-0491 (La.5/5/06), 927 So.2d 316. Even under the prior law, “ultimate or conclusory facts and conclusions of law cannot be utilized on the motion for summary judgment,” Thompson v. South Central Bell Tel. Co., 411 So.2d 26 (La.1982), and this *817 court has held that “affidavits that are devoid of specific underlying facts to support a conclusion of ultimate ‘fact’ are not legally sufficient to defeat summary judgment,” Dumas v. Angus Chemical Co., 31,969 (La.App. 2 Cir. 8/20/99), 742 So.2d 655, writ not cons., 99-2750 (La.11/5/99), 751 So.2d 237. Finally, they argue the “strikingly similar case” of Foster v. Patwardhan, 48,585 (La.App. 2 Cir. 1/22/14), 132 So.3d 495, writ denied, 2014-0614 (La.4/25/14), 138 So.3d 1233, in which the district court rejected an affidavit which was “nothing but a one-sentence conclusion.” They contend that the same reasoning applies to Dr. Borzell’s one-sentence finding of causation.

Discussion

To establish a claim for medical malpractice, the plaintiff must prove, by a preponderance of the evidence, (1) the standard of care applicable to the defendant, (2) the.defendant breached that standard of care, and (3) a causal connection between the breach and the resulting injury. La. R.S. 9:2794 A; Schultz v. Guoth, 2010-0343 (La.1/19/11), 57 So.3d 1002; Foster v. Patwardhan, supra. Expert testimony is generally required to establish the applicable standard of care and whether that standard was |fibreached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. Samaha v. Rau, 2007-1726 (La.2/26/08), 977 So.2d 880; Pfiffner v. Correa, supra.
The summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. La. C.C.P. art. 966 B; Samaha v. Rau, supra; Roberts v. Marx, 47,658 (La.App. 2 Cir. 1/16/13), 109 So.3d 462, writ denied, 2013-0649 (La.4/26/13), 112 So.3d 847. Since the 1996 and 1997 amendments, the procedure has been favored and construed to secure the just, speedy and inexpensive determination of every action. La. C.C.P. art. 966 A(2). The party seeking summary judgment meets his initial burden by submitting affidavits or pointing out the lack of factual support for an essential element in the opponent’s case. La. C.C.P. art. 966 C(2). At that point, the opponent (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) to demonstrate he will be able to meet his burden at trial. The failure of the opponent to produce evidence of a genuine factual dispute mandates the granting of the motion. Samaha v. Rau, supra; Wright v. Louisiana Power & Light, 2006-1181 (La.3/9/07), 951 So.2d 1058.
To defeat a properly supported motion for summary judgment, an expert’s opinion must be more than a conclusory assertion about ultimate legal issues. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226; Dumas v. Angus Chemical Co., supra; Miller v. Tulane University Hosp., 2009-1740 (La.App. 4 Cir. 5/12/10), 38 So.3d 1142, writ not cons., 2010-1383 (La.9/24/10), 45 So.3d 1063.
Appellate courts review summary judgment de novo under the same criteria that govern the district court’s consideration of whether the summary judgment is proper. Samaha v. Rau, supra; Roberts v. Marx, supra.
On de novo review of this record, we find no genuine issue of material fact as to causation, an essential element of the plaintiffs’ case under La. R.S. 9:2794 A, and that the defendants are entitled to judgment as a matter of law under La. C.C.P. art. 966 B(2). To be precise, the record clearly establishes a genuine issue as to breach of the standard of care: the MRP found no breach by any defendant, while Dr. Borzell’s affidavit identified several on the part of Nurse McGovern (failure to obtain test results and decision to prescribe Flagyl) and of Dr. Smith (failure *818 to supervise his nurse practitioner). However, every breach outlined by Dr. Borzell pertained to Fields’s lower tract problems, diarrhea and weight loss. Except for the conclusory statement that the defendants’ conduct “caused or contributed to” Fields’s untimely death, she does not explain how their acts caused or accelerated it. Even accepting the breaches of standard suggested by Dr. Borzell, their relationship to a heart attack is not “so obvious that a lay person can infer” causation. The affidavit simply does not make the necessary connection to establish a genuine issue for trial.
At the hearing on the motion for summary judgment, counsel vigorously argued that a heart attack was not the actual cause of Fields’s death, but he offered no summary judgment evidence to refute (or even dispute) the death certificate. Argument obviously falls short of the factual support needed to defeat a well-supported motion for summary judgment. Jones v. Estate of Santiago, 2003-1424 (La.4/14/04), 870 So.2d 1002; Mason v. Monroe City School Bd., 43,595 (La.App. 2 Cir. 9/17/08), 996 So.2d 377. We also recognize that even after the 1996 and 1997 amendments moving summary judgment to favored status, the court is not authorized to assess the weight of the evidence or determine the truth of the matter, and must resolve all doubt in the opponent’s favor. Luther v. IOM Co. LLC, 2013-0353 (La.10/15/13), 130 So.3d 817; Hines v. Garrett, 2004-0806 (La.6/25/04), 876 So.2d 764. The issue, however, is not weight of the evidence or credibility of the expert, but a simple absence of factual support for the stated conclusion, as in Foster v. Patwardhan, supra, and Miller v. Tulane University Hosp., supra. On this record, the summary judgment was proper.

Conclusion

For the reasons expressed, the judgment is affirmed. Costs are to be paid by the plaintiffs, Sharon Lee, Mary Fields and Donald Fields Jr.
AFFIRMED.

. The record does not show any ruling on this motion, but the issue is moot in light of the summary judgment in favor of Dr. Smith and Nurse McGovern. Willis Knighton Claiborne also filed a motion for partial summary judgment urging that it had no independent liability, only vicarious liability, for its employees' acts; the court granted this, a ruling not contested on appeal.

. Notably, the MRP found that “the patient did not report within 48 hours as instructed” (emphasis supplied).

. This court is constrained to note that every case cited in plaintiffs' brief predates the 1996 and 1997 amendments to Art. 966 that elevated summary judgment from disfavored to favored status. See 1996 La. Acts (Ex. Sess.) No. 9, effective May 1, 1996, and 1997 La. Acts No. 483, eff. July 1, 1997, and Mark Tatum & William Norris III, "Summary Judgments and Partial Summary Judgments in Louisiana: The State We're In,” 59 La. L.Rev. 131 (1998).