LOTTINGER, Judge.
This is a suit by illegitimate children to have a judgment of possession in the father’s succession declared null and void. From a summary judgment in favor of the defendants, plaintiffs have appealed.
Plaintiffs attached to their petition a copy of an affidavit signed by the deceased *937 wherein he acknowledged both of the plaintiffs as his illegitimate children. The affidavit in part states:
“Affiant has been married three times, as follows:
“Affiant was married to Helen Walker about 1946, at Hammond, Tangipahoa Parish, Louisiana, and said marriage was terminated by a divorce at Amite, Tangipahoa Parish, Louisiana, about 1957;
“Affiant was married to Ruth Jennings on or about June 15, 1967, at Amite, Tangipahoa Parish, Louisiana, and said marriage was terminated by divorce at Kansas City, Jackson County, Missouri, about 1971; and
“Affiant was remarried to the aforementioned Ruth Gordon nee Ruth Jennings, about June, 1972, at Kansas City, Missouri, and said marriage was terminated by a decree of dissolution of marriage on or about February 14, 1974, at Kansas City, Jackson County, Missouri.
“Affiant did not have any children born of any one of the three marriages mentioned next above.
“Affiant does have two natural children, namely:
“James Jackson, a son, who was born on May 8, 1957, at Independence, Tan-gipahoa Parish, Louisiana, who now lives in Independence, Tangipahoa Parish, Louisiana; and
“Sandra Faye Jackson, a daughter, who was born on November, 1958, at Independence, Tangipahoa Parish, Louisiana, who now lives in Independence, Tangipahoa Parish, Louisiana.”
In an affidavit attached to the defendants’ motion for summary judgment, the affiant states “that James B. Gordon [decedent] was married to Helen Walker in about 1957, and he was divorced from her by Judgment of Divorce dated June 28, 1967, and that she [affiant] was one of the witnesses who testified in said divorce proceeding.” Also attached to the motion for summary judgment is a certified copy of the divorce decree dated June 28, 1967.
Obviously there exists some confusion as to when the decedent married Helen Walker, and whether he was married or divorced at the time of conception of these two plaintiffs.
Though the constitutional issue was not pleaded to the trial court it was apparently briefed and argued. Thus the trial judge obviously considered it, and it is properly before this court. Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971).
If the plaintiffs as illegitimate offspring of the decedent were eligible to be acknowledged, and were so acknowledged, then the constitutional issue is denial of equal protection of the laws based on sex, Art. 1, § 8, La.Const. (1974), in that acknowledged natural children are treated differently in the father’s succession, La.C.C. art. 919 vis-a-vis the mother’s succession, La.C.C. art. 918.
However, if there existed an impediment to the marriage of the natural parents at the time of conception, no acknowledgement could be made unless the parents contracted a legal marriage with each other. La.C.C. art. 204. The constitutional issue in this factual situation would be denial of equal protection of the laws based on birth. Art. 1, § 3, La.Const. (1974).
Necessarily then, the date of marriage of decedent to Helen Walker, date of divorce, as well as birth dates of plaintiffs, proven with certainty — preferable with the use of documentary evidence — become crucial facts in determining which, if either or both, of these constitutional issues resolves this lawsuit.
Because of the confusion as to the date of marriage, we find there exists a genuine issue of material fact, La.C.C.P. art. 966, and thus the trial judge was in error in granting a motion for summary judgment.
Therefore, for the above and foregoing reasons the judgment of the trial court is reversed and remanded for further proceedings not inconsistent with the views expressed hereinabove. All costs of this proceeding are to be paid by defendants-appel-lees.
REVERSED AND REMANDED.