381 So.2d 520 (1980)
James JACKSON and Sandra Faye Jackson
v.
Eddie W. GORDON and Curtie Lucille Garner Davis.
No. 13171.
Court of Appeal of Louisiana, First Circuit.
February 25, 1980.
*521 Samuel J. Dileo, Jr., Hammond, for plaintiffs.
E. Lynn Singleton, Greensburg, Ronald F. Plaisance, New Orleans, for defendants.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
Plaintiffs, James Jackson and Sandra Faye Jackson, claiming to be the illegitimate children of the decedent, James B. Gordon, sued to annul a judgment of possession in favor of defendants, Eddie W. Gordon and Curtie Lucille Garner Davis. Plaintiffs argue Louisiana's succession laws discriminate against illegitimate children and are, in that regard, unconstitutional.
The trial court found for defendants without giving written or oral reasons. We affirm on the ground that plaintiffs have failed to prove the decedent was their father. We do not reach the issue of constitutionality.
This is the second time this suit has been before us. The first appeal was from the trial court's granting of defendants' motion for a summary judgment. We reversed and remanded on finding a genuine issue of material fact. Jackson v. Gordon, 366 So.2d 936 (La.App.1st Cir. 1978).
On remand, counsel entered into a joint stipulation which resolved the factual discrepancy which had concerned this court. The stipulation covered the birthdates of the two plaintiffs and the dates on which the decedent and Helen Walker were married and divorced. Apparently no other evidence was offered at trial. The record does not contain a transcript of the trial nor any exhibits constituting evidence. Attached to and forming a part of plaintiffs' petition were copies of an affidavit and letter. While they relate to paternity, they were not introduced into evidence at trial and thus cannot be considered as evidence in our review of the judgment on the merits. The documents are not evidence; they are simply a part of the pleadings. C.C.P. art. 853. To treat them as evidence would be to deny defendants a right to object to their admissibility.
It is true this court did not discuss the issue of paternity on the first appeal. At that point, we were reviewing a summary judgment and the fact of paternity was not disputed since it had been alleged in the petition and had not been contested by countervailing affidavits or other evidence. C.C.P. art. 967. However as there was no partial final judgment on this issue, paternity remained an essential element for plaintiffs to prove at trial.
For the foregoing reasons, the judgment appealed is affirmed. Costs of these proceedings are to be paid by plaintiffs-appellants.
AFFIRMED.