446 So.2d 551 (1984)
FIRST HOMESTEAD FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellant,
v.
Sylvester COLEMAN, Sr. and Willie Brown Coleman, Defendants-Appellees.
No. 83-524.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
*552 Newman & Drolla, Linda J. Cucullu, New Orleans, for plaintiff-appellant.
James Vallee, Lake Charles, for defendants-appellees.
Before CUTRER, LABORDE and KNOLL, JJ.
KNOLL, Judge.
This appeal involves a suit on a promissory note. First Homestead Federal Savings & Loan Association (hereafter First Homestead) sued Sylvester Coleman, Sr., and his wife, Willie Brown Coleman, for $4,523.40 on a promissory note allegedly executed by them in connection with their purchase from Lake Charles Home Security of burglar bars for their home in Lake Charles. The defendants denied signing the note and further alleged fraud, duress, misrepresentation and rescission of the contract. At the conclusion of the trial, the district court rejected plaintiff's demands on the basis that the promissory note which was sued upon was never admitted into evidence.
First Homestead has appealed contending that judgment should have been granted in its favor for the following reasons:
1) Formal introduction of the promissory note into evidence was not required because the original note had been attached as an exhibit to its petition; and
2) In the alternative, judgment should have been rendered against Willie Brown Coleman because she admitted signing the promissory note in her pleadings and at trial.
The basis of plaintiff's suit against the Colemans was a contract for the payment of money, namely a promissory note. The contract itself is the law between the parties. LSA-C.C. Art. 1945. A plaintiff who knows of a written instrument which forms the basis for his claim must produce it when it provides the best evidence of the facts at issue. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972).
LSA-C.C. Art. 2277 provides:

`All agreements relative to movable property, and all contracts for the payment of money, where the value does *553 not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances." (Emphasis added)

In Ascension Builders, Inc. v. Jumonville, supra, the Louisiana Supreme Court interpreted Article 2277 and stated:
"In prescribing the mode of proof for contracts not reduced to writing, by clear implication it [LSA-C.C. Art. 2277] prescribed that when the contract is reduced to writing, the writing is the required proof."
In a suit on a promissory note, the note is the foundation of the cause of action. Lindsley-Feiber Motor Company v. Brumfield, 111 So.2d 555 (La.App. 1st Cir. 1959). Therefore, the introduction into evidence of the original promissory note is the required proof. LSA-C.C. Art. 2277; Ascension Builders, Inc., supra.
Nonetheless, plaintiff claims that even though it did not formally admit the promissory note into evidence, the attachment of the original promissory note to its petition, coupled with the testimony of Robert W. Ayers, was sufficient to establish its claim against the Colemans. We disagree.
In the case sub judice the only evidence First Homestead presented was the following: Robert W. Ayers, an assistant vice-president of First Homestead, identified a promissory note held by the homestead; he testified that the note was dated February 24, 1981; that the signatures which appear on the note are Sylvester Coleman and Willie Brown Coleman; that the note was the subject of the instant litigation; that the balance of the note was $4,610.13 and, that the note provided for 25% attorney's fee if it was turned over to an attorney for collection. He further stated that he did not witness the signing of the note, and he did not know if anyone else did. Plaintiff then rested its case.
LSA-C.C.P. Art. 853 provides in pertinent part:
"... A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

The documents so attached simply form a part of the pleadings. The documents are not evidence. If we were to treat such attachments as evidence, it would effectively deny the opposing party the right to object to its admissibility. In accord see Jackson v. Gordon, 381 So.2d 520 (La.App. 1st Cir.1980). Accordingly, we find plaintiff's first argument is without merit.
Plaintiff next asserts that Willie Brown Coleman impliedly admitted signing the promissory note in her supplemental answer. This conclusion is incorrect and ignores her original answer in which she specifically denies signing the note held by First Homestead.
Finally, First Homestead contends that judgment should be granted against Willie Brown Coleman because at trial she admitted having signed the note.
LSA-C.C. Art. 2291 provides as follows:
"The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.

It amounts to full proof against him who has made it.
It can not be divided against him. It can not be revoked, unless it be proved to have been made through an error in fact.

It can not be revoked on a pretense of an error in law."
A judicial admission or confession under Article 2291 is a party's express acknowledgment of the correctness of the fact or the act charged against him by his adversary. Am. Employers Ins. v. Honeycutt Furniture Co., 390 So.2d 255 (La.App. 3rd Cir.1980). A judicial confession has the effect of waiving evidence as to the subject of the admission. Crawford v. Deshotels, 359 So.2d 118 (La.1978). A judicial confession must be explicit and not merely implied. Hoffman v. Hoffman, 430 So.2d 149 (La.App. 2nd Cir.1983); X-L Finance Company *554 v. LeDoux, 215 So.2d 164 (La.App. 3rd Cir.1968).
Mrs. Coleman was examined by her attorney and cross-examined by First Homestead about her signature on the promissory note. From our careful review of the record we cannot find one occasion in Mrs. Coleman's testimony where she admitted signing the promissory note. Therefore, First Homestead's argument that Willie Brown Coleman has made a judicial confession is not supported by the record.
The Colemans presented an aggressive and affirmative denial of plaintiff's cause of action. The Colemans denied executing the promissory note from the onset of this litigation and raised numerous affirmative defenses. The filing of defendants' general denial alone called for strict proof of each material allegation of fact set forth in plaintiff's petition. Garden Hill Land Corp. v. Succession of Cambre, 306 So.2d 718 (La.1975), appeal after remand 313 So.2d 864 (La.App. 4th Cir.1975). Defendants' general denial coupled with their assertion of affirmative defenses required more specificity of proof than we have found in the record. Two employees of Lake Charles Home Security were identified as being present when the Colemans purportedly signed the promissory note. Neither of these witnesses were called to testify. First Homestead never confronted the Colemans with the original promissory note and asked them to admit or deny their signatures. Accordingly, we find plaintiff has failed to prove a prima facie case necessary to obtain a valid judgment against the Colemans.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant, First Homestead Federal Savings and Loan Association.
AFFIRMED.