657 So.2d 478 (1995)
Chandra JACKSON, Plaintiff-Appellant,
v.
Paul S. BELLEAU, et al., Defendant-Appellees.
No. 94-1469.
Court of Appeal of Louisiana, Third Circuit.
June 7, 1995.
*479 Johnnie Anderson Jones Jr., Baton Rouge, for Chandra Jackson.
Robert Murray Mahony, Lafayette, for American Central Ins. Co.
M. Candice Hattan, Lafayette, Frank Edward Barber, Baton Rouge, for Teryl J. Soileau.
Before KNOLL, COOKS, and AMY, JJ.
KNOLL, Judge.
The issue presented in this appeal is whether the granting of summary judgment in favor of Terry J. Soileau (Soileau), one of the defendants, was proper.
On March 16, 1992, Paul S. Belleau (Belleau) and Chandra Jackson (Jackson) were involved in an automobile accident. At the time of the accident, Belleau was driving a 1991 Buick Skylark. Belleau was not the owner of the vehicle, but had purportedly been given permission to use it from Debbie Brignac (Brignac). The Buick Skylark's registered owner was listed as Soileau, Brignac's ex-husband. On March 12, 1993, Jackson filed suit for damages sustained in the accident. In her petition for damages, the plaintiff named several defendants: Belleau, the driver of the vehicle; Soileau, the registered owner of the vehicle; Brignac, Soileau's former spouse; and American Central Insurance Company, Brignac's insurer.
On May 5, 1994, Soileau moved for summary judgment. The district court granted Soileau's motion and dismissed him from the plaintiff's suit with prejudice. On appeal, the plaintiff argues that the district court erred when it granted Soileau summary judgment. We agree, reverse, and remand.

Facts
It is undisputed that Soileau was the "registered owner" of the 1991 Buick Skylark at the time of the accident involving Jackson and Belleau. However, in his motion and memorandum in support of summary judgment, Soileau argues that he was not the actual owner of the vehicle because he transferred ownership to his ex-wife, Brignac, via a community property settlement and agreement. Because he was allegedly no longer the owner of the vehicle, he further contends that he did not have any obligation to maintain liability insurance on it and was not responsible for any injuries caused by the vehicle's use.[1]
To support his assertion that he was not the owner of the vehicle in question, Soileau attached an affidavit to his motion and memorandum in support of summary judgment. In this affidavit, Soileau generally alleges that he was not the owner of the 1991 Buick Skylark because he purportedly transferred ownership to his ex-wife, Brignac, in a community property settlement occurring before the accident. Soileau's affidavit further states that his agreement with Brignac required her to maintain liability insurance on the vehicle at all times. Soileau also attested that he did not know Belleau, the driver of the vehicle at the time of the accident, was not aware that Belleau had possession of the vehicle, and did not give him permission to use it. Although Soileau refers to the existence of a community property agreement that transferred ownership of the 1991 Buick Skylark to his ex-wife, he did not attach a copy of that document to his affidavit.

Summary Judgment
Appellate courts review summary judgments de novo using the same criteria *480 that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). Pursuant to La.Code.Civ.P. art. 966, summary judgment may be granted to the moving party if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. Industrial Sand & Abrasives, Inc. v. Louisville & Nashville R.R. Co., 427 So.2d 1152, 1154 (La.1983). In making this determination, the mover's supporting documents must be closely scrutinized and the non-mover's indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). Because the moving party bears the burden of proving the lack of a material issue of fact, inferences to be drawn from the underlying facts before the court must be viewed in the light most favorable to the non-moving party. Schroeder, 591 So.2d at 345. Importantly, summary judgment should be used cautiously and sparingly and any reasonable doubt should be resolved against mover in favor of a full trial. Penalber v. Blount, 550 So.2d 577 (La.1989).
In the case sub judice, we find that Soileau, as mover, failed to meet his initial burden of proof showing that there were no genuine issues of material fact. The ownership of the 1991 Buick Skylark remains a genuine issue of material fact which precludes an award of summary judgment. Although Soileau presented an affidavit attesting that he was no longer the owner of the vehicle, his statements were both conclusory and self-serving. Conclusory facts and conclusions of law contained in a supporting affidavit cannot be considered in a motion for summary judgment. Thompson v. South Cent. Bell Tel. Co., 411 So.2d 26 (La.1982).
Furthermore, Soileau neglected to state with sufficient specificity facts which would have convincingly supported a reasonable presumption that he transferred ownership of the vehicle to his ex-wife, Brignac. Because Soileau failed to provide the date that the alleged community property agreement was executed, the date that he was divorced, and copies of any supporting documentation referred to in his affidavit, a reasonable doubt remains as to the ownership of the vehicle. See Duplessis Cadillac, Inc. v. Creative Credit Services, Inc., 564 So.2d 336 (La.App. 1st Cir.1990), appeal after remand, 597 So.2d 1155; Jackson v. Gordon, 366 So.2d 936 (La.App. 1st Cir.1978). We also recognize that if an affidavit refers to documents or papers, sworn or certified copies of these documents should be attached to the affidavit when a mover is attempting to argue that there are no genuine issues of material fact precluding summary judgment. La. Code Civ.P. art. 967; see Kennington v. H. Blume Johnson, Inc., 94-0744 (La. 7/1/94), 638 So.2d 1066. Because a reasonable doubt remains in this case regarding a genuine issue of material fact, namely Soileau's ownership of the 1991 Buick Skylark, this reasonable doubt should have been resolved in favor of the non-moving party, the plaintiff, and summary judgment denied. Therefore, the district court erred when it granted Soileau summary judgment and dismissed him with prejudice from the plaintiff's suit.

Decree
For the foregoing reasons, the judgment of the district court granting Terry J. Soileau summary judgment and dismissing him from the plaintiff's suit with prejudice is hereby reversed and set aside. This case is remanded to the district court for further proceedings. All costs of this appeal are assessed to Terry J. Soileau.
REVERSED AND REMANDED.
NOTES
[1] Because this case is decided on other grounds, we pretermit discussion of whether La.R.S. 32:861 imposes civil liability on a vehicle's "registered owner" who fails to maintain liability insurance as indicated by the language of the statute.