692 So.2d 598 (1997)
Marguerite FRANCISCO, Individually and as Tutrix of the Minor Child, Christian Quade Jeansonne, Plaintiff-Appellant,
v.
JOAN OF ARC CO., et al., Defendants-Appellees.
No. 96-1385.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1997.
*599 John Taylor Bennett, Marksville, Lonny E. Guidroz, Livonia, for Marguerite Francisco et al.
Keith Michael Borne, James Michael Dill, Lafayette, for Joan of Arc Co., et al.
Robert Murray Mahoney, John William Penny Jr., Lafayette, for Ball Corp.
Steven J. Bienvenu, Opelousas, for Travelers Ins. Co.
J. Michael Johnson, New Orleans, for Crown, Cork & Seal.
William H. Parker, III, Lafayette, for Allen Canning Co.
Before DECUIR, AMY and SULLIVAN, JJ.
AMY, Judge.
Plaintiff, Marguerite Francisco, individually and on behalf of her minor child, Christian Jeansonne, appeals the trial court's finding that defendants, the Joan of Arc Company and the Pillsbury Company, as previous owners of Allen Canning Company, did not owe a duty to protect Charles Jeansonne, an employee of Allen Canning, from the injuries he suffered in an employment related accident. We affirm.

DISCUSSION OF THE RECORD
On October 15, 1993, Charles Jeansonne, an employee of Allen Canning Company, was injured in the course and scope of his employment when a stack of sixteen-ounce cans fell on top of him while he was gathering cans that had previously fallen from the stacks. Jeansonne sustained multiple facial lacerations and abrasions, and a crushed knee joint. Jeansonne, as a result of his disability, became very depressed and began treatment at a mental institution. Unfortunately, Jeansonne, who was not able to overcome his depression, committed suicide on April 16, 1994.
Plaintiff, decedent's girlfriend and mother of his child, filed suit seeking damages against Allen Canning Company, Jeansonne's employer, as well as Joan of Arc Company and Pillsbury Company, previous owners of the canning business who allegedly developed the method and means of stacking the cans that caused the injuries. Plaintiff's claim against Allen Canning Company was later compromised.
*600 On January 30, 1996, Joan of Arc Company and Pillsbury Company filed a motion for summary judgment alleging that they were entitled to judgment as a matter of law because the cannery and business were sold to Allen Canning Company on July 2, 1990, and they "had no interest, care, custody and/or control in or over the operation of said business beyond that date." The trial judge granted the defendants' motion, noting that the defendants, as previous owners of a business who retained no control or interest in an operation, owed no duty to protect the decedent from the injuries suffered.
Plaintiff appeals from this judgment and asserts that the trial court erred in granting the defendants' motion for summary judgment and finding as a matter of law that no liability could be found against the previous owners of the canning facility.

LAW
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Schroeder v. Bd. of Supervisors of Louisiana State Univ., 591 So.2d 342 (La.1991). Prior to 1996 La. Acts, First Extraordinary Session, No. 9, which amended La.Code Civ.P. art. 966, summary judgments were not favored, and all doubt concerning a dispute as to a material issue of fact was resolved against granting the motion for summary judgment and in favor of a trial on the merits. See Penalber v. Blount, 550 So.2d 577 (La.1989). However, as amended, La. Code Civ.P. art. 966 now provides in pertinent part, "... summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends." As this legislation is procedural in nature, it is to be applied retroactively as well as prospectively. NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La.App. 2 Cir. 8/21/96); 679 So.2d 477; See also La.Civ. Code art. 6. However, jurisprudence has recognized that this amendment of La.Code Civ.P. art. 966 does not effect a change in the burden of proof, as specified in paragraph (G): "Notwithstanding any other provision of this Article to the contrary, the burden of proof shall remain with the mover." See, e.g., Henderson v. Maloid, 96-285 (La.App. 1 Cir. 11/8/96); 683 So.2d 342; Walter v. Kroop, 96-618 (La.App. 4 Cir. 7/24/96); 678 So.2d 580.
For the mover to satisfy the burden that no genuine issue of material fact exists, the mover "must meet a strict standard showing that it is quite clear as to what the truth is, and that there has been excluded any real doubt as to the existence of a genuine issue of material fact." Gray v. Economy Fire & Casualty Ins. Co., 96-667, p. 3 (La.App. 3 Cir. 11/6/96); 682 So.2d 966, 969 (citing Jackson v. Belleau, 94-1469 (La.App. 3 Cir. 6/7/95); 657 So.2d 478). In Washington v. State, Dep't of Transp. & Dev., 95-14, pp. 7-8 (La.App. 3 Cir. 7/5/95); 663 So.2d 47, 51, writ denied, 95-2012 (La.11/13/95); 664 So.2d 405, we stated:
[T]o uphold a trial court's grant of summary judgment, we must conclude that reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law based on the facts before the trial court. Thus, a grant of summary judgment is warranted if the unresolved facts do not present any triable legal issues. Although the question of whether a defendant's conduct constituted negligence is usually inappropriate for disposition by summary judgment, a defendant is entitled to dismissal under this procedure if the record is devoid of any suggested basis to impose liability on the defendant after plaintiff was granted adequate time to develop its case by discovery. Similarly, summary judgment is appropriate when there are no material facts at issue and no legal duty exists. (Internal citations omitted).
La.Civ.Code art. 2315 provides in pertinent part that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." To prevail on a negligence claim under La. Civ.Code art. 2315, the plaintiff must prove by a preponderance of the evidence that:

*601 (1) defendant had a duty to conform his conduct to a specific standard (duty);
(2) defendant failed to conform his conduct to the appropriate standard (breach of duty);
(3) defendant's conduct was the cause-in-fact of plaintiff's injuries (cause-in-fact);
(4) defendant's conduct was a legal cause of plaintiff's injuries (the risk and harm caused to plaintiff was within the scope of the protection afforded by the duty); and
(5) plaintiff incurred actual damages (damages).
Gray, 96-667 at p. 6; 682 So.2d at 970 (citing to Theriot v. Lasseigne, 93-2661 (La.7/5/94); 640 So.2d 1305; Faucheaux v. Terrebonne Consol. Gov't, 615 So.2d 289 (La.1993); Roberts v. Benoit, 605 So.2d 1032 (La.1991); Fowler v. Roberts, 556 So.2d 1 (La.1989)).
When a plaintiff articulates a general rule or principle of law that protects his interests, it is necessary for the court to determine whether the rule is intended to protect him from the particular harm alleged, an inquiry which involves both the duty and causation elements of the negligence formulation. The court must make a policy determination in light of the unique facts of the case. Thus, the duty-risk analysis requires the court to take into account the conduct of each party as well as the particular circumstances of the case. In determining whether to impose a duty in a particular situation, the court may consider various moral, social, and economic factors, including whether the imposition of a duty would result in an unmanageable flow of litigation; the ease of association between the plaintiff's harm and the defendant's conduct; the economic impact on society as well as the economic impact on similarly situated parties; the nature of the defendant's activity; moral considerations, particularly victim fault; and precedent as well as the direction in which society and its institutions are evolving. (Internal citations omitted).
Meany v. Meany, 94-251, p. 6 (La. 7/5/94); 639 So.2d 229, 233.
In the case sub judice, the trial court determined that the defendants did not owe a legal duty to protect the plaintiff against the injuries suffered. Accordingly, defendants' motion for summary judgment was granted. In doing so, the trial court noted that "there were no contested issues of fact or law."
After reviewing the record in its entirety, we agree with the trial court. The cannery in question was Princeville Canning Company until 1970 when it merged with Illinois Canning Company and commenced doing business as the Joan of Arc Company. Subsequently, Joan of Arc sold the cannery to the Pillsbury Company. By an Act of Cash Sale, Pillsbury transferred ownership of the cannery to Allen Canning Company on July 2, 1990. It was uncontested that after the date of this transfer, neither of the defendants had any association with the cannery or its employees.
John Alton Coco, plant manager since 1975, testified that, in the twenty-seven years that he has been employed at the cannery, the configuration of the stacks has remained the same. Coco testified that the only substantial change was that the process, originally done manually, has been done mechanically by a palletizer called a "Whallon" since the mid-1970's. Coco, when questioned regarding who developed this method of stacking cans, provided that this palletizer method was a "hybrid affirm of the manufacturer [Whallon] and of the plant." Coco also reported that, during the various transfers of ownership, management remained in the "hands of the local people." Coco described the cannery as "a self-sufficient entity."
In support of her argument, plaintiff cites several cases in which a court had held a previous owner liable in negligence "when the actions of a third party caused injury to another." However, we conclude that these cases are distinguished from the present situation under review, in that the injuries or damages were caused by alterations in the original composition of machines transferred to the present owner. For example, plaintiff cites Panek v. Gulf Ins. Co., 341 So.2d 46 (La.App. 3 Cir.1976), which involved a trailer which was negligently modified by a party then sold to another. As a result, the wheel of the trailer came off causing injuries to one *602 of the owner's employees. This court held the third party liable for the damages. Likewise, in LeBlanc v. Continental Grain Co., 95-813 (La.App. 5 Cir. 3/13/96); 672 So.2d 951, writ denied, 96-1526 (La.10/4/96); 679 So.2d 1383, a third party was held liable for injuries caused by a grain elevator he had materially altered by cutting holes in a chain guard in the "dust system" for easier lubrication. In that case, other parties, who leased, owned and operated the grain elevator, also shared in the liability for the damages sustained for failing to discover and disclose the holes in the dust system. We fail to see the similarity. We conclude that Allen Canning Company, who had owned the cannery for three years prior to Jeansonne's accident, had adequate time to evaluate and revise the procedures adopted for stacking the cans of produce prior to shipping.
Therefore, plaintiff's contention that the defendants, the previous owners of the cannery, owed a legal duty to Jeansonne, an employee of the present owner, is without merit.

DECREE
The trial court's judgment is affirmed. All costs of this appeal are assessed to the plaintiff-appellant, Marguerite Francisco, individually and as tutrix of her minor child, Christian Quade Jeansonne.
AFFIRMED.