| jYELVERTON, J.
Linda Trudell suffered a work-related accident on February 19, 1996. The Louisiana Workers’ Compensation Corporation (LWCC) began paying workers’ compensation benefits. Four months later on June 14, 1996, Trudell was a passenger in a car that was involved in an automobile accident with Carrie Crowder who was insured by Allstate Insurance Company. Trudell, along with her husband and their child, filed suit against Crowder and Allstate. The LWCC intervened in the|?proceedings on September 8, 1997, alleging that the accident aggravated Trudell’s pre-existing work injuries.
Crowder and Allstate filed a motion for summary judgment seeking the dismissal of LWCC’s petition of intervention. Crow-der and Allstate alleged that there was no genuine issue as to material fact that Tru-dell’s injuries for which she was receiving workers’ compensation benefits were not the result of the automobile accident. The trial court granted summary judgment dismissing the LWCC’s petition for intervention. We reverse.
SUMMARY JUDGMENT
With the recent amendments to La.Code Civ.P. art. 966, summary judgment is now favored. It is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Article 966(B).
However, the burden is still on the moving party to prove that summary judgment is appropriate. “In doing so, the moving party’s supporting documentation must be sufficient to establish that no genuine issue of material fact remains at issue.” Daigrepont v. AAA Transport Company, 98-1329, p. 4 (La.App. 3 Cir. 3/3/99); 736 So.2d 923, 926.
Trudell alleged in her tort petition that she suffered injuries including severe headaches and neck and back pain as a resu^ °f the car accident. The LWCC intervened in the lawsuit claiming that the car accMent aggravated her work injuries, that it was entitled to subrogation under La.R.S. 23:1101 for the compensation it had paid to Trudell as a result of these injuries.
The sole supporting documentation offered by the Crowder and Allstate motion for summary judgment was an affidavit from Trudell herself. In its entirety it stated that:
Her injuries and physical condition are as a result of a work accident, for which she is drawing workers/compensation, and is not related to the automobile accident she was involved in.
We disagree with the trial court that this affidavit established that there was no genuine issue of material fact. The affidavit does not mean anything factually. For one thing, her petition for damages from the June 1996 car accident is still on file. Her tort suit has not been dismissed, and it declares that she suffered injuries including severe headaches and neck and back pain as a result of the car accident. LWCC’s intervention rests on the claim that that allegation represents the facts, meaning that the car accident aggravated her work injuries. The signature of the notary on the affidavit appears to be that of her attorney, Edward A. Kaplan. Having enrolled as her attorney after the tort suit was filed, Mr. Kaplan probably did not prepare the tort suit, but he is deemed to know what it alleges. The affidavit denies what her tort suit avers. This record leaves us far from the truth, and the material fact of whether her work injury was aggravated by the car accident is by no means resolved.
Also, the affidavit was no more than a statement of the affiant’s position regarding the ultimate fact at issue. It was hardly more than a denial of the aver-ments |4of the intervention. Not only was the statement conclusory but it was self- *144 serving as well. Conclusory facts and conclusions of law cannot be considered in a motion for summary judgment. Jackson v. Belleau, 94-1469 (La.App. 3 Cir. 6/7/95); 657 So.2d 478.
Summary judgment in this case was inappropriate. Allstate and Crowder failed to establish the absence of a genuine issue of material fact. There still remains a genuine issue of material fact as to whether the LWCC will be entitled to reimbursement because the automobile accident aggravated Trudell’s previous work injury.
The judgment of the trial court dismissing the Louisiana Workers’ Compensation Corporation’s petition for intervention is reversed and set aside. This case is remanded to the district court for further proceedings. All costs of this appeal are assessed to Allstate Insurance Company and Carrie Crowder.
REVERSED AND REMANDED.